IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SUZANNE M. JEFFERSON,

    Plaintiff

v.                                     CIVIL ACTION No. 3:05cv652

BRINER, INCORPORATED, et al.,

    Defendants

## MEMORANDUM OPINION

This matter is before the court on review of the Clerk's assessment of costs to the prevailing defendants, Briner, Inc. (Briner) and Carteret Mortgage Corporation (Carteret), the Plaintiff objecting to the award of any costs against her. (Bill of Costs by Carteret (Carteret Bill of Costs) (docket entry no. 75) Bill of Costs by Briner (Briner Bill of Costs) (docket entry no. 76); Pl.'s Resp. in Opp'n re Bill of Costs (Pl.'s Opp'n) (docket entry no. 77); Costs Taxed for Def. Briner (Briner Costs Taxed) (docket entry no. 82); Costs Taxed for Def. Carteret (Carteret Costs Taxed) (docket entry no. 83)). The court has reviewed all relevant submissions and has entertained oral argument on behalf of the Plaintiff.[1] For the reasons set forth herein, the Plaintiff's objections are OVERRULED and judgment will be entered in the respective amounts

---

[1] The court rescheduled oral argument on the Plaintiff's motion for entry of default judgment against a third party defendant so that any forthcoming objection by the Defendants to the Clerk's reduction of their requested Bills of Costs could be addressed at the same time. However, counsel for Briner and Carteret notified the court in advance of the rescheduled hearing that neither Defendant contested the reduction in the respective petitions. The court therefore excused defense counsel from having to attend oral argument in order to avoid additional attorney's fees and costs.

as determined by the Clerk.

The Plaintiff objects to the taxation of any costs against her for the following reasons:

1. That Carteret did not file its Bill of Costs in a timely fashion;

2. That neither Briner or Carteret properly itemized their respective deposition or copying costs to allow for adequate evaluation; and

3. That it would be inequitable for several reasons to tax the Plaintiff for any of the Defendants' costs.

(Pl.'s Opp'n at 2-10.)

**Analysis**

Federal Rule of Civil Procedure 54(d) expressly provides in pertinent part that " . . . costs other than attorneys' fees *shall be allowed as of course* to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d) (emphasis added). Such costs "include fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Jop v. City of Hampton, 163 F.R.D. 486, 488 (E.D. Va. 1995) (citing 28 U.S.C. § 1920(2)). Moreover, the governing statute, 28 U.S.C. § 1920, allows for the taxation of ". . . (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case."[2] Nevertheless, the Clerk of this court does not tax costs for any "in house" copying and, in fact, such is the reason for the largest reduction in each Bill of Costs where the itemization of the related costs was insufficient to identify those

---

[2]Thus, § 1920 "enumerates expenses that a federal court may tax "and rule 54(d) "grants a federal court discretion to refuse to tax costs" which § 1920 would have otherwise permitted. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

costs as resulting from "necessary" duplication.[3]

The Plaintiff initially objects to what is asserted to be the untimely filing of the Carteret Bill of Costs. (Pl.'s Opp'n at 2.) As noted by the Plaintiff, a Bill of Costs must be filed within eleven days after the entry of judgment in the petitioning party's favor. E.D. Va. Loc. R. 54(D)(1). At the same time, however, any objection must likewise be served within eleven days after the Bill of Costs is filed with the Clerk. E.D. Va. Local R. 54(D)(2). Here, contrary to the Plaintiff's assertion, both Bills of Costs were filed on June 30, 2006 (docket entry no. 75), nine days after judgment was rendered in favor of each petitioning party (June 21, 2006). (Briner Bill of Costs; Carteret Bill of Costs.)[4] However, the Plaintiff did not file her objection(s) until thirteen days after each Bill of Costs was filed. (Pl.'s Opp'n, filed on July 13, 2006.) Accordingly, if any submission was untimely, it was that of the Plaintiff. Nevertheless, the court will address and resolve her substantive objections as submitted.

In regard to the Plaintiff's objection to the lack of itemization of deposition-related costs, the respective Bills of Costs include the invoices provided by the court reporting service involved, and the clerk obviously concluded that the description of services rendered was sufficient as indicated by the reduction for the unauthorized costs of the transcription disks. The Clerk's analysis of the third party invoices of the reporting services involved was consistent with the same procedure utilized in other cases over time and the court notes that it did order

---

[3] The Clerk also rejected the requests for reimbursement for the minimal costs of ASCII transcription disks that neither Defendant contests. (Def. Briner Reply Pl.'s Mem. Opp.'n Imp. Costs (Briner Mem.) at 2, ¶ 5 .)

[4] Presumably, Plaintiff's counsel did not receive his copy of the pleadings until after the deadline, especially given the intervening federal holiday when no mail service would have been available.

expedited briefing on the dispositive motions that ultimately resolved the case such that isolated, expedited delivery fees were not unreasonable. Defense counsel also represents that although a reporting service from out of the area was employed, no additional charges were incurred because a local reporter was utilized. (Def. Carteret Mort. Corp.'s Reply Pl.'s Mem. Opp'n Imp. Costs (Carteret's Mem.), 2-3, n.1 at 3.)

As to the objection for copying costs, the court adopts the position that copying costs are necessarily incurred in the pursuit of a successful effort, whether or not the materials are actually made part of the record. *See e.g.*, Rodriguez-Garcia v. Davila, 904 F.2d 90 (1st Cir. 1990); (". . . if the costs were reasonably necessary to the maintenance of the action, then they are allowable."); Illinois v. Sangamo Const. Co., 657 F.2d 855, 867 (7th Cir. 1981) (copying costs properly awarded for any document "necessarily obtained for use in the case" without having to be formally made part of the record)(citing 28 U.S.C. § 1920(4)). While other courts have routinely taxed costs incurred for "in-house" photocopying so long as those costs were "reasonably obtained," this court does not because of the inability to discern whether such expense is "necessary" or simply for the convenience of the party involved. *See, e.g.*, Adkins v. Crown Auto, Inc., 2005 U.S. Dist. LEXIS 43459, *14 (W.D. Va. 2005); Garner v. Whitman, 318 F. Supp.2d 700 (C.D. Ill. 2004); Simmons v. O'Malley, 235 F.Supp. 2d 442 (D. Md. 2002) (in-house copying costs not reimbursable because incurred for "convenience" of counsel). Where the Clerk has followed such a guideline, which is, of course, also to the advantage of the Plaintiff, the court has no reason to alter the result.

Finally, as to the equities of the situation that the Plaintiff contends must be weighed in her favor so as to preclude the awarding of costs, the court accepts the assertion that the Plaintiff

proceeded in good faith as opposed to undertaking some vexatious or frivolous cause,[5] and that the case was difficult with an involved set of facts requiring intensive discovery and interrelated issues of law. However, the court does not accept the premise that the Defendants should, in effect, be punished for the same action (or inaction) for which the Plaintiff brought suit and in response to which the Defendants were forced to defend without the ability to recoup attorney's fees or unallowable costs in their successful effort. The court is otherwise unaware of any unnecessary discovery disputes that were generated by the Defendants and, in fact, there is at least the suggestion that any problem(s) that did arise were the result of action or inaction on behalf of the Plaintiff. (*See e.g.*, Defs.' Mem. Law Supp. Jt. Opp'n Pl.'s Mot. Amend R. 26(a)(2) Disclo., Extend Disc. Compl. Date, and for Cont. (docket entry no. 65)).

Similarly, the court does not perceive any unreasonableness in the costs ultimately allowed to be taxed and although the court is sympathetic to the Plaintiff's apparent financial plight, such a reason is not enough to outweigh the presumption in favor of awarding reasonable costs to the prevailing parties, even when considered in conjunction with her good faith effort in pursuing a difficult case.

## CONCLUSION

For the foregoing reasons, the Plaintiff's objections are OVERRULED and judgment will be entered in favor of each petitioning defendant in the amounts as assessed by the Clerk.

---

[5] Although, quite frankly, the court suspects that the entire dilemma would have been avoided if the Plaintiff, an experienced real estate "player," would have simply conditioned the subject real estate purchase contract on the standard condition of her being able to obtain financing.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 9/29/06