IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**SUZANNE M. JEFFERSON,**

        **Plaintiff**

**v.**                                                        **CIVIL ACTION NO. 3:05cv652**

**BRINER, INCORPORATED, et al.,**

        **Defendants.**

### MEMORANDUM OPINION

This matter is before the Court pursuant to Fed. R. Civ. P. 59 on joint motion of the Plaintiff, Suzanne M. Jefferson (Jefferson), and a defaulting Defendant, the Mortgage Store Financial, Inc. (MSF), for entry of a joint Consent Order that would set aside and vacate the default judgment previously entered against MSF, as well as dismiss the action with prejudice. (Mot. Set Aside Default, Vacate Default J. & Dism. Action with Prejudice (Mot.) (docket entry nos. 95, 96.))[1] The Court has reviewed the submissions, conducted a telephone conference with counsel, and has examined the pertinent Rules and law such that any additional briefing or argument is not likely to aid in the decisional process. The matter is therefore ready for resolution.

While Rule 59 "has been interpreted as permitting a motion to vacate a judgment rather

---

[1] Although the Court accepts the representation of agreement between the parties, it is noted that the motion and proposed Order lack the necessary endorsement on behalf of Jefferson.

than merely amend it," case law is consistent in holding that such a remedy is extraordinary and should only be used sparingly.[2] See generally 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 119-130 and n. 13 therein (2d ed. 1995 & Supp. 2006) (citing cases). Rule 59(e) permits a court to amend a judgment within ten days for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. E.E.O.C. v. Lockhead Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997) (citation omitted). At the same time, a motion pursuant to Rule 59(e) may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing, among other sources, Wright et al., *supra*, § 2810.1, at 127-28).

The law on which this Court's prior entry of default judgment was based has not changed in the interim, and, therefore, the Court is left to analyze MSF's Rule 59 motion in the context of whether there is any additional evidence not introduced in the prior proceeding that would change this Court's mind, or whether entry of default judgment against MSF constitutes a manifest injustice.

---

[2] It is by no means clear that a Rule 59(e) motion is even a valid mechanism for altering or amending a default judgment, but that Rule 60(b) is, instead, the only available means for doing so. However, the authority on the issue is conflicting at best. *Compare* Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 188-90 (1st Cir. 2004) (questioning the propriety of a Rule 59(e) motion to amend default judgment), *with* United States v. One 1988 Dodge Pickup, 959 F.2d 37, 40 (5th Cir. 1992) (Rule 59(e) motion is valid mechanism for attacking default judgment, in addition to the mechanism provided for in Rule 60(b)). This Court declines to address the issue, and instead will assume *arguendo* that a Rule 59(e) motion is a valid method for altering or amending a default judgment where the Court concludes that the present motion is otherwise lacking for the reasons stated.

MSF does not appear to have any newly-discovered evidence or other evidence not previously available that is likely to have precluded entry of default judgment against it; rather, counsel simply represents that MSF "believes it has meritorious defenses to the claim under 15 USCA § 1638 of the Truth in Lending Act ("TILA") on which this Court found against MSF on the grounds, *inter alia*, that no credit transaction was ever consummated between MSF and [the] Plaintiff []." Id. ¶ 3 (citing cases). Such a statement misapprehends the basis of the Court's default judgment reasoning that focused on the TILA strictures which precede consummation and the necessity for the Court to accept the undefended factual allegations of the Complaint as true. See Mem. Op. at 11-13; 2006 U.S. Dist. LEXIS 80920, at * 18-22 (E.D. Va. Nov. 6, 2006). Moreover, even if MSF were relying on newly discovered evidence, the Rule 59 motion would still lack merit because the party proffering the new evidence "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Pac. Ins. Co., 148 F.3d at 403 (citation omitted). MSF's failure to produce any evidence or meritorious defense in this matter is due to its own failure to file a responsive pleading after having been properly served with process. That circumstance cannot be considered a "legitimate justification for not presenting the evidence" throughout the duration of this matter.

Additionally, there are no extraordinary circumstances that render the entry of default judgment against MSF manifestly unjust. It appears clear that MSF's Resident Agent simply failed to forward process to MSF in a timely fashion and that MSF waited until the Court indicated its intention to enter default judgment against it in the presumed hope that the matter would be rendered moot by the Court's resolution of the related issues involving the answering co-defendants. (Mot. ¶¶ 1-2.) Nor is there is any apparent basis for a finding that the entry of

default constitutes manifest injustice because of such a circumstance as attorney misconduct.

Rather, the sole proffered reason for seeking such extraordinary relief is the parties' purported post-judgment settlement of the issues between them "which will result in a dismissal with prejudice of this action." (Mot. ¶ 4.) Accordingly, the more appropriate course is for the Court to consider the motion as one seeking confirmation that the judgment has been fully satisfied as provided for in Fed. R. Civ. P. 60(b)(5). To vacate the judgment would at least appear to be inconsistent with the settlement of the matter that was presumably to the advantage of the Plaintiff, let alone being contrary to the substantive Memorandum Opinion issued by the Court that cannot be retrieved from the public domain at this juncture. Finally, the equities of the situation do not support the requested relief where MSF obviously waited until virtually the last moment to request relief when it finally concluded it would not "luck out" with the Court's resolution of the issues involving the answering defendants.

For all these reasons, MSF's Rule 59 motion is DENIED. The Court will only entertain a motion to note the judgment as satisfied pursuant to Fed. R. Civ. P. 60(b)(5) if the parties be so advised.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 12/4/06